```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

Fionn Blevio ppa Sinead Blevio       :
And Henry Blevio, et. al.            :
Plaintiffs,                          :   CIVIL ACTION NO:
                                     :   3:14-CV-00171-WWE
v.                                   :
                                     :
                                     :
Shaw's Supermarkets, Inc. et al.,    :
Defendants,                          :
```

### RULING ON MOTION FOR PROTECTIVE ORDER [Doc. #63] AND MOTION TO DEFER BRIEFING AND RULING ON SUMMARY JUDGMENT [DOC. #64]

Pending before the Court is the motion of defendant/third-party plaintiff Fairbank Reconstruction Corporation ("Fairbank") for an order protecting it from responding to certain requests for production and interrogatories served by third-party defendant Greater Omaha Packing Company, Inc. ("GOPAC"). [Doc. #63]. Also pending before the Court is GOPAC's motion to defer briefing and ruling on Fairbank's pending motion for summary judgment to permit discovery. [Doc. #64]. For the reasons articulated below, the Court **GRANTS IN PART AND DENIES IN PART** Fairbank's motion for protective order [Doc. #63], and **GRANTS IN PART AND DENIES IN PART** GOPAC's motion to defer briefing [Doc. #64].

**A.    BACKGROUND**

This personal injury action arises out of a 2009 foodborne E. Coli outbreak in the Northeast United States ("Northeast outbreak"). Plaintiff, who at the time of injury was just seven years old, developed a serious E. coli infection after consuming a tainted hamburger at a New England Patriots' tailgate party. Fairbank submits that the tainted hamburger was purchased at a

1

Shaw's supermarket, and that Shaw's bought the hamburger from Fairbank, which had it made using beef trim sold to Fairbank by GOPAC. Plaintiffs have sued Fairbank and Shaw's, which have in turn filed a third-party complaint against GOPAC.

Prior to the filing of this action, Fairbank and GOPAC have litigated several other personal injury actions arising from the Northeast outbreak.[1] Fairbank contends that collateral estoppel bars GOPAC from relitigating several liability findings made in favor of Fairbank and against GOPAC in the prior Northeast outbreak cases. In that regard, Fairbank has filed a motion for summary judgment, contending that the doctrine of collateral estoppel establishes the following findings as a matter of law:

(1)  The parties' [Fairbank and GOPAC] relationship was governed by an agreement known as the Fairbank Guarantee;

(2)  In violation of the Fairbank Guarantee, GOPAC delivered to Fairbank adulterated raw beef trim containing E. coli O157:H7 in September 2009;

(3)  Fairbank acted as a reasonable buyer with the UCC's requirements when using GOPAC's adulterated beef trim to make 85/15 hamburger for Shaw's without discovering contamination; and

(4)  GOPAC's adulterated beef trim incorporated into Fairbank hamburger caused the E. coli infections of several consumers who consumed 85/15 hamburger sold at Shaw's stores.

[Doc. #61, 3 (alterations added)]. Accordingly, Fairbank contends that the only issue remaining in this case is whether

---

[1] Fairbank represents that, "Outbreak patients were identified by state and local health departments and the Centers for Disease Control through the use of sophisticated molecular fingerprinting techniques that revealed that they had identical bacterial strains." [Doc. #61, 2]. Throughout its submissions, Fairbank refers to the specific strain of E. Coli identified by the DNA fingerprinting. For purposes of this ruling, the Court assumes that any reference to "E. coli" refers to the specific strain allegedly at issue in this case.

GOPAC's adulterated beef trim also caused plaintiff's E. Coli infection. [Id.].

Fairbank seeks protection from GOPAC's discovery requests that "seek to relitigate findings made against GOPAC in the prior Northeast Outbreak cases." [Doc. #63, 2]. Specifically, Fairbank contends that because of the collateral estoppel effect of the prior findings, the discovery requests at issue are not reasonably calculated to lead to the discovery of relevant and admissible evidence. GOPAC responds that, "Fairbank seeks to curtail discovery based on its self-determination that collateral estoppel will apply in this action." [Doc. #65, 2]. GOPAC further contends that, "determination of the actual meat consumed by [plaintiff] remains the pivotal issue in this matter along with determining whether any Outbreak patients with a similar genetic subtype of E. Coli to other patients were sickened by sources not related to Fairbank and/or GOPAC." [Id.]. Accordingly, GOPAC argues that it requires discovery into the type of meat consumed by plaintiff and others in the Outbreak. [Id.].

The Court held a telephone conference on December 4, 2014, to address the issues raised in the motion for protective order. [Doc. #74]. The Court also addressed GOPAC's response deadline to Fairbank's pending motion for summary judgment. [Id.]. During the telephone conference the parties represented that the depositions of Mr. and Mrs. Doherty[2] were to occur on December 22, 2014, which could implicate the issues then pending before

---

[2] The Dohertys provided the ground beef for the hamburgers at the tailgate party.

3

the Court. The Court received the parties' status reports on January 15 and 16, respectively. Fairbank and Shaw's report that the Dohertys' deposition testimony focused on the store from which they purchased the tainted beef. [Doc. #80, 2]. They further represent that in light of this testimony, they do not object to additional time for GOPAC to conduct discovery concerning which store sold the tainted beef. [Id.]. In contrast, GOPAC submits that the Dohertys testimony "provides reasons to strike the declaration of Mr. Doherty and creates genuine issues of fact." [Ellenbacker email dated January 15, 2015]. Accordingly, GOPAC seeks to depose all other declarants regarding the bases for the statements made in the declarations in support of the pending summary judgment motion. [Id.]. GOPAC further details the other discovery responses it was then awaiting, including genome testing results. [Id.]. Finally, GOPAC seeks time to identify and depose a representative who is familiar with the meat department at Ahold/Stop and Shop, given the questions concerning which store sold the tainted beef. [Id.].

**B.    LEGAL STANDARD**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Notwithstanding the breadth of the discovery rules, the district courts are

4

afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court[…]"). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including […] that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1).

C.  **DISCUSSION**

Based on the current record, and in light of the representations of counsel during the December 4 telephone conference and in their subsequent status reports, the Court will require GOPAC to respond to Fairbank's motion for summary judgment on issues one (1) through three (3) within thirty days of this ruling. While Judge Eginton decides these issues, the Court will permit GOPAC to conduct further discovery on the fourth issue, namely whether GOPAC's adulterated beef trim incorporated into Fairbank hamburger caused the E. coli infections of consumers who ate the 85/15 hamburger sold at Shaw's stores. During this period, GOPAC may also conduct fact discovery concerning which grocery store sold the tainted beef consumed by plaintiff. Accordingly, as stated, GOPAC's motion to defer briefing or alternatively for an extension of time to respond to the pending motion for summary judgment [Doc. #64] is GRANTED in part and DENIED in part.

Turning next to the motion for protective order, the Court will also grant this motion in part. Because the Court is inclined to permit GOPAC additional time to complete the genomic testing of the bacterial isolate at issue, it will also require Fairbank to respond to interrogatories 1, 2, and 8, and request for production 4. The Court finds that these requests are reasonably calculated to lead to the discovery of admissible information and, further, that they go hand in hand with GOPAC's genomic testing of the bacterial isolate. The Court finds that interrogatories 6 and 7, and requests for production 2, 5, 12, and 13 are either overly broad on their face, or not reasonably calculated to lead to the discovery of admissible information. Accordingly, the Court GRANTS in part and DENIES in part Fairbank's motion for protective order. Fairbanks will respond to the discovery requests permitted above within thirty days of this ruling. Once the genomic testing and other discovery has been completed, Fairbank may renew its motion for summary judgment on the fourth issue.

D.   **CONCLUSION**

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Fairbank's motion for protective order [Doc. #63], and **GRANTS IN PART AND DENIES IN PART** GOPAC's motion to defer briefing [Doc. #64].

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R.

6

72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 25th day of March 2015.

```
    /s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```