UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FIONN BLEVIO, SINEAD BLEVIO, and :
HENRY BLEVIO, :
  Plaintiffs, :
 :
v. :
 :
SHAW'S SUPERMARKETS, INC. and :  3:14-cv-00171-WWE
FAIRBANK RECONSTRUCTION CORP. :
doing business as FAIRBANK FARMS, INC., :
  Defendants and :
  Third-Party Plaintiffs, :
 :
v. :
 :
GREATER OMAHA PACKING COMPANY, :
INC., :
  Third-Party Defendant. :

## MEMORANDUM OF DECISION ON THIRD-PARTY PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This is an action by consumers of beef contaminated with *E. coli*. Third-party plaintiffs Fairbank Reconstruction Corporation and Shaw's Supermarkets, Inc. (collectively "Fairbank") move pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56 for summary judgment on liability as to their contractual indemnification claims against third-party defendant Greater Omaha Packing Company, Inc. ("GOPAC").

Fairbank argues that summary judgment should be granted on its contractual indemnification claims against GOPAC because liability is established through the application of collateral estoppel. Two District of Maine jury trials resulted in judgments in favor of Fairbank and against GOPAC: One in the consolidated matters of Long v. Fairbank Reconstruction Corp., No. 09-cv-592 (D. Me. 2011) and Smith v. Fairbank Reconstruction Corp., No. 10-cv-60 (D. Me. 2011); and the other in the matter of Jones v. Fairbank Reconstruction Corp., No. 11-cv-437 (D.

Me. 2014).  Fairbank contends that these judgments establish, as a matter of law, key facts regarding GOPAC's liability, namely:

> (1) The parties' relationship was governed by an agreement known as the Fairbank Guarantee;

> (2) In violation of the Fairbank Guarantee, GOPAC delivered to Fairbank adulterated raw beef trim containing *E. coli* O157:H7 in September 2009; and

> (3) Fairbank acted as a reasonable buyer within the meaning of the UCC when it used GOPAC's adulterated beef trim to make 85/15 hamburger for Shaw's without discovering that contamination.

## BACKGROUND

At all relevant times, GOPAC supplied Fairbank with raw beef trim that Fairbank would process into ground beef products for resale.

The court in Long and Smith held that the contractual relationship between GOPAC and Fairbank was governed by an agreement known as the Fairbank Guarantee.  See Long, 2011 WL 2516378 at *19 (D. Me) ("At all relevant times, the Fairbank Guarantee constituted the parties' effective agreement with respect to the subject matter of contractual indemnification.")

The Fairbank Guarantee requires GOPAC to indemnify Fairbank from "all claims, damages, causes of action, suits, proceedings, judgments, charges, losses, costs, liability and expenses (including attorneys' fees) arising from any products (raw materials)" that GOPAC delivered to Fairbank that did not meet Fairbank's raw materials specifications.

Pursuant to the Fairbank Guarantee, GOPAC promised that the raw beef trim it supplied to Fairbank would not be adulterated with *E. coli* O157:H7 contamination.

The jury concluded in Long and Smith that in September 2009, GOPAC delivered to Fairbank adulterated raw beef trim containing *E. coli* O157:H7 in violation of the Fairbank

2

Guarantee.

The jury in <u>Long</u> and <u>Smith</u> further concluded that Fairbank acted reasonably within the meaning of UCC § 2-715 when it used GOPAC's adulterated beef trim containing *E. coli* O157:H7 to process 85/15 ground beef for Shaw's without discovering that contamination.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir.), <u>cert. denied</u>, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  <u>American International Group, Inc. v. London American International Corp.</u>, 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. <u>Celotex Corp.</u>, 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. <u>Anderson</u>, 477 U.S. at 249.

3

**Collateral Estoppel**

"The doctrine of collateral estoppel (or issue preclusion) bars relitigation of a specific legal or factual issue in a second proceeding where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Grieve v. Tamerin, 269 F.3d 149, 153 (2d Cir. 2001).

Fairbank contends that the court's determination in Long and Smith establishes, for purposes of collateral estoppel, that:

> (1) The parties' relationship was governed by an agreement known as the Fairbank Guarantee;
>
> (2) In violation of the Fairbank Guarantee, GOPAC delivered to Fairbank adulterated raw beef trim containing *E. coli* O157:H7 in September 2009; and
>
> (3) Fairbank acted as a reasonable buyer within the meaning of the UCC when it used GOPAC's adulterated beef trim to make 85/15 hamburger for Shaw's without discovering that contamination.

Moreover, the above three determinations made in Long and Smith have been given collateral estoppel effect in subsequent federal cases in both New Hampshire and Maine. See Precourt v. Fairbank Reconstruction Corp., 856 F. Supp. 2d 327, 337-40 (D.N.H. 2012) (finding that "GOPAC is collaterally estopped from litigating three issues: (1) the applicability of the Fairbank Guarantee; (2) GOPAC's violation of that guarantee; and (3) the reasonableness of [Fairbank's] failure to discover the E. coli O157:H7 in GOPAC's beef trim before using it to manufacture ground beef."); Jones, 2013 WL 6019294 at *11 (D. Me. 2013) (same).

GOPAC concedes that Fairbank is entitled to summary judgment on the first issue as to

4

applicability of the Fairbank Guarantee but argues that Fairbank is not entitled to summary

judgment on the second and third issues.

**Issue 2: GOPAC's Violation of the Guarantee by Delivery of Adulterated Beef Trim in September 2009**

GOPAC makes various arguments as to why Fairbank is not entitled to summary

judgment on issue number two.  These include:

(1) The jury in Long and Smith did not find GOPAC to be the source of the Northeast Outbreak or the source of the meat that sickened plaintiff in the instant case.

(2) The plaintiff in the instant case consumed beef purchased at Stop and Shop, not Shaw's.

(3) State of the art genetic testing completed in this matter establishes that no genetic link exists between GOPAC, the 2009 *E. coli* outbreak known as the Northeast Outbreak and the plaintiff in the instant case.

(4) Fairbank exclusively identified 50-50 sirloin as the implicated meat (as opposed to "chuck trim.")

(5) Fairbank fails to identify a specific shipping invoice in this matter, and the potential invoices offered differ from those connected to the Long/Smith and Jones cases.

(6) Expert Testimony relied upon by Fairbank in the Long and Smith trial is inherently unreliable.

All of GOPAC's arguments go to whether Fairbank can establish a causal connection

between GOPAC's contaminated beef and plaintiffs' injuries, i.e., were plaintiffs injured by

consuming adulterated beef that Fairbank had ground from GOPAC adulterated raw beef?  This

is clearly a material factual issue genuinely in dispute.  However, GOPAC's arguments are not

relevant to whether GOPAC should be collaterally estopped from contesting that it delivered to

Fairbank adulterated raw beef trim containing *E. coli* O157:H7 in September 2009.  This issue

was fully litigated and necessary to support a valid and final judgment on the merits in <u>Long</u> and

<u>Smith</u> cases.  <u>Precourt</u>, 856 F. Supp. 2d at 337-40; <u>Jones</u>, 2013 WL 6019294 at *11.  GOPAC

has presented no convincing argument as to why collateral estoppel should not apply.

Accordingly, Fairbank's motion for summary judgment as to GOPAC's violation of the

guarantee will be granted.

**Issue 3: Fairbank's Reasonableness**

Similarly, GOPAC argues that Fairbank is not entitled to summary judgment on issue

three, as to Fairbank's reasonableness for the following reasons:

(1) GOPAC did not have a full and fair opportunity to litigate the reasonableness of
Fairbank's conduct, and Fairbank failed to meet the standards expected of a grinder in its
testing of product for the presence of *E. coli.*

(2) Strong evidence exists that plaintiff in the instant case consumed 80/20 beef
purchased at Stop and Shop, not 85/15 beef purchased at Shaw's.

First, GOPAC argues that the court in <u>Smith</u>/<u>Long</u>, and <u>Jones</u> refused to allow GOPAC to

introduce evidence on the inferior testing used by Fairbank to test its beef for the presence of *E.*

*coli* before the product was sent to customers for retail sale.  However, as the court in <u>Precourt</u>

made clear:

[T]here is a big difference between receiving an unfavorable evidentiary ruling and
not receiving a full and fair opportunity to litigate an issue. A party may have a full
and fair opportunity to litigate an issue on which it does not prevail. That happens
every day, and that is what happened here.

856 F. Supp. 2d at 338.

Moreover, it is clear that these parties fully litigated the issue of Fairbank's

reasonableness.  Indeed, the following special verdict form question was submitted to the jury in

the <u>Smith</u> and <u>Long</u> case: "Do you find that Fairbank acted as a reasonable buyer in using the

adulterated raw beef delivered by GOPAC in September 2009?"  The jury responded, "YES."

See Special Verdict Form in D. Me. Docket No. 1:09–cv–592–GZS (ECF No. 58–2).

"While fairness is always an issue in the application of collateral estoppel, there is a lower risk of unfairness where, as here, a party relies on mutual rather than non-mutual collateral estoppel."  Precourt, 856 F. Supp. 2d at 338.  In other words, risk of inequity is diminished where the precedent for purposes of collateral estoppel was established by the same parties in prior litigation.

Finally, GOPAC's argument that the plaintiff in this case consumed beef supplied by an alternate supermarket chain again goes to the issue of cause.  It is not relevant to whether Fairbank acted reasonably with respect to Fairbank's use of GOPAC's beef trim.  Accordingly, Fairbank's motion for summary judgment will be granted as to issue three.

## CONCLUSION

For the foregoing reasons, Fairbank's motion for summary judgment is GRANTED as to the three issues addressed in this decision.

Dated this 23rd day of June, 2015, at Bridgeport, Connecticut.


 /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE